**UNITED STATES of America,
Appellant,**

v.

**Kirk M. JACKSTADT and Joseph A.
Tourville, Appellees.**

**No. 617, Docket 79–1290.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 27, 1979.

Decided Feb. 14, 1980.

Certiorari Denied April 14, 1980.
See 100 S.Ct. 1656.

Terrence M. Kelly, Asst. U. S. Atty., Albany, N. Y. (George H. Lowe, U. S. Atty., N. D. N. Y., Syracuse, N. Y., of counsel), for appellant.

Ara Asadourian, Plattsburgh, N. Y. (Neverett & Asadourian, Plattsburgh, N. Y., of counsel), for appellee Jackstadt.

Paul V. French, Albany, N. Y., filed brief for appellee Tourville.

Before TIMBERS, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

PER CURIAM:

On January 18, 1979, United States Magistrate Henry C. Van Acker issued a search warrant for the residence of Joseph A. Tourville and Kirk M. Jackstadt in the Village of Ausable Forks, New York. Agents of the Drug Enforcement Administration and the New York State police executed the warrant that evening, seizing the components of a hashish oil factory, thirty pounds of hashish oil, and forty-nine pounds of marijuana. On February 20, 1979, a grand jury sitting in the United States District Court for the Northern District of New York indicted Jackstadt and Tourville for conspiracy to manufacture hashish oil and possess the drugs with intent to distribute (Count I), possession of hashish oil with intent to distribute (Count II), and possession of marijuana with intent to distribute (Count III). Tourville and Jackstadt then moved to suppress the items seized during the search, attacking the sufficiency of the affidavit used to secure the warrant. The district court granted defendants' motions and the Government appeals. We reverse.

The affidavit in support of the search warrant is that of Special Agent Thomas M. Fitzpatrick of the Drug Enforcement Administration. It begins by recounting his past involvement in efforts to apprehend a group operating a hashish oil factory in the Plattsburgh, New York area. During the course of that investigation, Fitzpatrick participated in the arrests of Jackstadt and one Edward J. Desautels on May 6, 1978. A previously reliable informant had stated that Desautels was involved with the group manufacturing hashish oil. At the time of the arrests, which took place in Desautels' trailer in Plattsburgh, the police seized several pounds of marijuana, a quantity of hashish, and a small amount of hashish oil. Jackstadt pled guilty to a charge of possession of marijuana and was fined and released.

Charles J. Miller and William H. Reid, two principals in the manufacturing ring, were arrested, and the factory was seized on October 24, 1978. Tips from the previously reliable informant were partially responsible for these arrests. Among the items seized was an empty five-gallon can bearing the label of the Farrell Chemical Company, Winooski, Vermont. The can had contained petroleum ether, a solvent used to extract hashish oil from marijuana.

In December 1978, information from the previously reliable informant indicated that a hashish oil factory was once again operating at a "secluded rural location" in the area. Agent Fitzpatrick contacted the Farrell Chemical Company and was informed that one "Richard Miller" had ordered twenty gallons of petroleum ether on December 12, 1978. The ether was picked up by a man using the name "Rick Miller" but driving a car registered to Joseph A. Tourville. On January 16, 1979, one "Rick Miller" ordered twenty gallons of petroleum ether from the Anachemia Chemical Company of Champlain, New York. On January 17, Jackstadt picked up the ether in his Jeep. He signed the receipt "R. Miller".

The police followed the Jeep to the Tourville-Jackstadt residence in Ausable Forks. About twenty minutes later, the police observed Jackstadt removing a five-gallon can from the Jeep. Shortly after that, Tourville's car, which had transported the petroleum ether from the Farrell Chemical Company, was also observed to be parked in the driveway.

The Magistrate was satisfied from the above facts that there was probable cause to believe that an illicit laboratory manufacturing hashish oil was being concealed at the Tourville-Jackstadt residence, and that finding is entitled to substantial deference. *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964); *United States v. Rahn*, 511 F.2d 290, 292 (10th Cir.), *cert. denied*, 423 U.S. 825, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975). A magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of the warrant. *United States v. Ramirez*, 279 F.2d 712, 716 (2d Cir.), *cert. denied*, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960); *United States v. Freeman*, 358 F.2d 459, 462 (2d Cir.), *cert. denied*, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966). In order to encour-

age the use of warrants, supporting affidavits should be read "in a commonsense and realistic fashion", *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), and in a close case any doubts should be resolved in favor of upholding the warrant, *id.* at 106, 85 S.Ct. at 744. *Accord, United States v. Lewis*, 392 F.2d 377, 379 (2d Cir.) *cert. denied*, 393 U.S. 891, 89 S.Ct. 212, 21 L.Ed.2d 170 (1968).

■ The affidavit in this case revealed large purchases of petroleum ether by the defendants using false names. One of them had previously been arrested on marijuana charges in circumstances that linked him to the manufacture of hashish oil. These were important factors tending to show probable cause. *See United States v. Lewis, supra*, 392 F.2d at 379; *United States v. Park*, 531 F.2d 754, 759 (5th Cir. 1976). The petroleum ether trail led directly to the defendants' residence. The transporting automobiles were parked there. Jackstadt had been followed there directly from the Anachemia Chemical Company. He was observed removing a five-gallon can from the rear of his Jeep. We do not find Agent Fitzpatrick's affidavit to be fatally defective because it fails to state explicitly that Jackstadt carried the container into the house. The Magistrate was entitled to make reasonable inferences from the facts stated in the affidavit. *United States v. Pond*, 523 F.2d 210, 213 (2d Cir. 1975), *cert. denied*, 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); *United States v. Serao*, 367 F.2d 347, 349–50 (2d Cir. 1966), *vacated on other grounds, sub nom. Piccioli v. United States*, 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034 (1968). It would be surprising indeed if Jackstadt had purchased petroleum ether, driven it to his home, removed a five-gallon can from his car and then strolled with it down the street. The inference that Jackstadt carried the ether into the house was plainly a reasonable one in the circumstances of this case.

■ Appellees' argument that those portions of the supporting affidavit referring to information supplied by an informant should be stricken, because they do not reveal the source of the information as required by *Aguilar v. Texas, supra*, 378 U.S. at 114, 84 S.Ct. 1509, 1513, is not a compelling one in the context of this case. Most of the informant's information had to do with the earlier investigation; the balance did no more than stir Agent Fitzpatrick into renewed activity. Information that Miller and his associates were supposed to be manufacturing hashish again "at a secluded rural location" had little relevance to the search of defendants' house in the Village of Ausable Forks. Without any reference to the informant's tip, cf. *Parts Mfg. Corp. v. Lynch*, 129 F.2d 841 (2d Cir. 1942), the officers' investigation and observation provided substantial basis for the Magistrate to conclude that hashish oil was probably being made in defendants' house. That is all the law required. *See United States v. Burke*, 517 F.2d 377, 381 (2d Cir. 1975). The suppression order is reversed.