**UNITED STATES of America**

v.

**Ivan CALE, Franjo Ivic, a/k/a "Mali", Stipe Ivkosic, Nedjelko Sovulj, a/k/a "Nedo", Andrew Stambuk, a/k/a "Andre", Petar Stambuk, a/k/a "Pero", and Ante Caron, Defendants.**

No. 80 CR. 820(MP).

United States District Court,
S. D. New York.

March 4, 1981.

Herbert N. Posner, Posner & Posner, Mount Vernon, N. Y., for Cale.

William P. Sirignano, Mount Vernon, N. Y., for Ivic.

Steven Kroleski, Mount Vernon, N. Y., for Ivkosic.

David Lenefsky, New York City, for Sovulj.

Philip R. Edelbaum, New York City, for Andrew Stambuk.

Lewis E. Alperin, Mount Vernon, N. Y., for Petar Stambuk.

Robert J. McGoey, McGovern, Connelly & Davidson, New Rochelle, N. Y., for Caron.

John S. Martin, U. S. Atty., S. D. New York, by Stuart J. Baskin, Asst. U. S. Atty., New York City, for United States.

## OPINION

MILTON POLLACK, District Judge.

In an omnibus motion, defendants challenge the legitimacy and seek to suppress the fruits of court-ordered electronic surveillance and wire taps and of the search warrants issued subsequently and based, in part, on information obtained through the electronic surveillance and wire tap interception. Motions are also presented to dismiss the racketeering count, to hold a minimization hearing, to suppress the statement given by defendant, Andrew Stambuk, to sever from the trial the charges against defendants Sovulj and Caron, to dismiss the charges against defendant Caron and to furnish to the defendants bills of particulars of the indictment.

For the reasons indicated hereafter, the motions should be denied.

An extensive and careful investigation by the Federal Bureau of Investigation and the New York Police Department Joint Terrorism Task Force resulted in the filing of a seven count indictment against the defendants on charges of racketeering, 18 U.S.C. §§ 1961–1962, explosives conspiracy, 18 U.S.C. § 371, interstate transportation of explosives, 18 U.S.C. §§ 844(d) and 2, attempt to use explosives, 18 U.S.C. §§ 844(i)

and 2, and conspiracy to violate civil rights, 18 U.S.C. § 241.

*Probable Cause*

■ Defendants contend that the Government did not have probable cause upon which to base its application for permission to conduct electronic surveillance. Two United States District Judges, Judge Owen of the Southern District of New York and Judge Platt of the Eastern District of New York, were satisfied on the basis of the affidavit filed by Agent Maxwell of the FBI on November 20, 1980 that there was probable cause to believe that a conspiracy to assassinate one, Joseph Badurina, was in progress. Subsequently, Judge Owen, on December 10, and a third United States District Judge, Judge Daly of the District of Connecticut, on December 17, found that there was probable cause to believe that explosives and other instruments of crimes were being concealed at numerous locations.

■ These judicial findings of probable cause to conduct investigatory activity are entitled to substantial deference. *Aquilar v. Texas,* 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964); *United States v. Vasquez,* 634 F.2d 41 (2d Cir. 1980). "A [judge's] finding of probable cause is itself a substantial factor tending to uphold the validity of a warrant." *United States v. Jackstadt,* 617 F.2d 12, 13 (2d Cir.) (per curiam), *cert. denied,* 445 U.S. 996, 100 S.Ct. 1656, 64 L.Ed.2d 242 (1980). "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

In this case, however, on the independent review made by this Court, there is no doubt that the affidavits of Agent Maxwell established the existence of probable cause to justify electronic surveillance and interception of wire communications as well as the subsequent searches authorized December 10 by Judge Owen. An independent examination of the affidavits submitted on each of the applications confirms the existence of the requisite probable cause. The alleged misstatements (the Court finds there were none) were, in any case, legally irrelevant as unnecessary to a finding of probable cause. *See Franks v. Delaware,* 438 U.S. 154, 155–156, 171–172, 98 S.Ct. 2674, 2676, 2684, 57 L.Ed.2d 667 (1978).

■ Defendants have mistaken the tests on which to determine probable cause. Proof beyond a reasonable doubt is not required to justify a search and other investigatory activity. *Ventresca, supra* 380 U.S. at 107, 85 S.Ct. at 745. Circumstantial evidence is sufficient to establish probable cause in many cases. "[A]ffidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion." *Id.* at 108, 85 S.Ct. at 745. A fair and neutral reading of Agent Maxwell's affidavits leaves little doubt that there was a need for effective, clandestine investigation. No amount of parsing of the affidavits item by item can rob the reader of that conclusion.

Similarly, in the case of the search warrant, signed by Judge Daly on December 17 to search the home of Ante Caron, the affidavit of Agent Cross, supplementing the affidavit of Agent Maxwell, convinces this Court, as it convinced Judge Daly, that there was a substantial basis for crediting the hearsay of the informants to the effect that Caron was a courier for certain members of OTPOR who were involved in illegal activities. *See United States v. Rollins,* 522 F.2d 160, 165 (2d Cir. 1975), *cert. denied,* 424 U.S. 918, 96 S.Ct. 1122, 47 L.Ed.2d 324 (1976); *United States v. Canieso,* 470 F.2d 1224, 1231 (2d Cir. 1972). OTPOR is a political group which espouses freedom for Croatia; most of the defendants are members of OTPOR.

Defendants argue that the Maxwell affidavit of November 20, 1980 lacks probable cause because it rests on the premise that OTPOR is *per se* a criminal conspiracy. On the contrary, the Government contends, only, that members of OTPOR, who are

particularized by name, regularly committed terrorist crimes and have strong associational ties with subjects of the eavesdropping order, who are also particularized by name in the affidavit. The Maxwell affidavit also shows that members of OTPOR, especially Ivan Cale as its President, have an institutional motive for seeking to injure and impede Badurina's exercise of his civil rights; he is a prominent critic of the group. Finally, the affidavit shows the probability that Cale also has direct and close incriminating ties with defendants Ivic and Sovulj who utilized and operated the van which trailed their apparent target, Badurina.

The attack on the December 17 affidavit of Agent Cross fails because the information provided by two different sources of Caron's criminal involvement with members of OTPOR is corroborated by the evidence obtained through physical surveillance, that Ivic, who returned from Bridgeport carrying a bag that matches the bag found in his apartment on December 12 which contained a bomb, made one of his two stops in Bridgeport, significantly, on the block proximately to Caron's residence.

Probable cause was sufficiently demonstrated in all instances.

*Minimization*

■ The defendants complain of the unusual scope of the order for electronic surveillance contending that it offends the statutory obligation to minimize personal and private communications. *See* 18 U.S.C. § 2518(5). The scope of the order permitting total reception until a translator of the foreign tongue became available was a most reasonable expedient, temporary measure. As has been shown adequately, no advantage was taken of the scope of the order. By herculean effort, the Government was able to put agents and translators fluent in the Croation language on the wire almost at once and minimization as a practical matter was carried out almost from the start of the eavesdropping. These measures met the statutory requirement of reasonableness. *Scott v. United States*, 436 U.S. 128, 139–140, 98 S.Ct. 1717, 1724, 56

L.Ed.2d 168 (1978), *reh. denied*, 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978); *United States v. Manfredi*, 488 F.2d 588, 599–600 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974).

After a thorough review of the logs kept during the course of the interceptions, the five-day reports on the course of the surveillance filed with Judge Owen, the minimization instructions provided to the agents, and the evidence that the duration of a major amount of the eavesdropping lasted two minutes or less, this Court is satisfied that the Government has made the requisite prima facie showing of compliance with the statutory minimization requirement. *See, United States. v. Tortorello*, 480 F.2d 764, 783–85 (2d Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 63, 38 L.Ed.2d 86 (1973). Despite ample opportunity to review the logs and to compare them with the tapes, and to dispute the prima facie case made by the Government, the defendants have made no attempt to show any examples of abuse of privacy, that conversations overheard were self-evidently not pertinent, nor, if such conversations exist, how further minimization of the innocent conversations could have been achieved. In the face of the Government's showing and the absence of some examples of intrusion on privacy, no hearing on minimization is required. *United States v. Cirillo*, 499 F.2d 872, 880 (2d Cir.), *cert. denied*, 419 U.S. 1056, 95 S.Ct. 638, 42 L.Ed.2d 653 (1974); *United States v. Baker*, 443 F.Supp. 526 (S.D.N.Y. 1977).

*Statement of Alternative Investigative Procedures*

■ Defendants contend that the Government failed to comply with 18 U.S.C. § 2518(1)(c) because the applications and affidavits of November 20, 1980 do not state that the Government exhausted all other conceivable investigative techniques, particularly the use of undercover agents. The Maxwell affidavit details the failure and ineptness in such situations of such available techniques as surveillance, a grand jury probe and infiltration through a confidential informant. The fact that the

defendants are able to conjure up yet another conceivable technique—infiltration through a law enforcement official rather than by a Croation speaking informer—is irrelevant. The statutory command was not intended to "foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted." *United States v. Robertson,* 504 F.2d 289, 293 (5th Cir. 1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1568, 43 L.Ed.2d 778 (1975); *United States v. Williams,* 580 F.2d 578, 588 (D.C.Cir.), *cert. denied,* 439 U.S. 832, 99 S.Ct. 112, 58 L.Ed.2d 127 (1978). The sole purpose of the requirement, more than met here, is to inform the judge of the "nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Scafidi,* 564 F.2d 633, 641 (2d Cir. 1977), *cert. denied,* 436 U.S. 903, 98 S.Ct. 2231, 56 L.Ed.2d 401 (1978); *United States v. Hinton,* 543 F.2d 1002, 1011 (2d Cir. 1976), *cert. denied,* 429 U.S. 1066, 97 S.Ct. 796, 50 L.Ed.2d 783 (1977); *United States v. Fury,* 554 F.2d 522, 530 (2d Cir. 1977), *cert. denied,* 436 U.S. 931 (1978).

The Government adequately complied with 18 U.S.C. § 2518(1)(c).

*Authorization*

■ The defendants challenge the attentiveness of the authorizing official to his obligation to consider independently the request for wire-tapping authority; defendants say the authority was exercised perfunctorily. In the Government's sworn application for oral interception, the Assistant United States Attorney stated that the Assistant Attorney General "has provided telephone authorization for this application ..." Defendants initially suggested, but now seem no longer to say, that the application was deficient because the Assistant Attorney General's authorization at the time was not transmitted in writing. The relevant statute, 18 U.S.C. § 2516(1), nowhere requires that such authorization be communicated in a contemporaneous writing. With respect to the proper performance of the Assistant Attorney General's statutory duty, the Government has en-

closed memoranda from the Assistant Attorney General dated November 20, November 25 and December 10, 1980, as well as letters to John S. Martin, United States Attorney for the Southern District of New York, which demonstrate that the Assistant Attorney General did in fact personally authorize each application of the Assistant United States Attorney. No more than that is required to satisfy 18 U.S.C. § 2516. *See United States v. McCoy,* 539 F.2d 1050, 1054–55 (5th Cir. 1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Fiorella,* 468 F.2d 688, 690 (2d Cir. 1972), *cert. denied,* 417 U.S. 917, 94 S.Ct. 2622, 41 L.Ed.2d 222 (1974), *reh. denied,* 419 U.S. 885, 95 S.Ct. 156, 42 L.Ed.2d 128 (1974). As the defendants acknowledge, a number of Federal Courts of Appeal have upheld telephone authorizations which were made by properly designated officials. *United States ex rel. Machi v. United States Dep't of Probation,* 536 F.2d 179, 184 (7th Cir. 1976); *United States v. Falcone,* 505 F.2d 478, 481 (3d Cir. 1974), *cert. denied,* 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975).

*Identification*

■ Defendants contend that the failure to identify Ivkosic in the initial court order authorizing electronic surveillance invalidates the order and requires suppression of the fruits of the investigation. Defendants say that Ivkosic was a known target and consequently should have been included by name in the surveillance order. Even if the failure to identify Ivkosic could be deemed to have been (the Court does not so find) a breach of the statutory requirements, the law is clear that such an error does not invalidate an interception order. In *United States v. Donovan,* 429 U.S. 413, 435, 97 S.Ct. 658, 672, 50 L.Ed.2d 652 (1977), the Supreme Court held:

If, after evaluating the statutorily enumerated factors in light of the information contained in the application, the judge concludes that the wiretap order should issue, the failure to identify additional persons who are likely to be overheard engaging in incriminating conver-

sations could hardly invalidate an otherwise lawful judicial authorization. *See United States v. Kahn*, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974).

*Search and Seizure of Petar Stambuk's Effects*

■ On December 12, 1980, agents entered 381 Broadway, Apartment 2J, the apartment shared by Ivic and Petar Stambuk, with a warrant to search the premises. Stambuk does not deny that the warrant was premised on probable cause. He contends, rather, that his possessions in the apartment could not legally be seized because the warrant was not based on probable cause to believe that he personally was involved in criminal activity. He argues that the evidence seized from among his possessions must be suppressed.

It is clear, however, that once the agents are lawfully on the premises, they may seize all contraband that they uncover while carrying out their authorized search, *National City Trading Corp. v. United States*, 635 F.2d 1020 (2d Cir.), *United States v. Liberti*, 616 F.2d 34 (2d Cir. 1980), *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 808 (1980), including evidence belonging to third parties. *National City Trading Corp. v. United States, supra* at 1025–26; *United States v. Branch*, 545 F.2d 177 (D.C.Cir.1976); *United States v. Micheli*, 487 F.2d 429 (1st Cir. 1973). Otherwise, the "purposes of a search warrant could be frustrated by the mere declaration by [one of the occupants of an apartment] that one of the rooms therein 'belongs' to a party not named in the warrant." *United States v. Canestri*, 518 F.2d 269, 273 (2d Cir. 1975).

*Rico Count*

■ Defendants contend that the indictment, on its face, does not allege a violation of 18 U.S.C. §§ 1961 and 1962. They argue that the statute does not reach illicit enterprises but only legitimate businesses and was intended to prevent infiltration of legitimate business by racketeers. However, the reach of 18 U.S.C. §§ 1961–1962 is much broader. Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ." "Racketeering activity" is defined in 18 U.S.C. § 1961(1) as

any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion or dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year . . .

and "enterprise" is defined in 18 U.S.C. § 1961(4) to include ". . . any union or group of individuals associated in fact although not a legal entity . . ." In *United States v. Altese*, 542 F.2d 104, 106 (2d Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 750 (1977) it was held that the term "enterprise" embraces both legitimate and illegitimate enterprises. *Followed: United States v. Clemente*, 640 F.2d 1069, 1081 (2d Cir. 1981), *United States v. Errico*, 635 F.2d 152, 155 (2d Cir., 1980); *United States v. Mannino*, 635 F.2d 110, 117 (2d Cir., 1980). The activities with which the defendants are charged in the indictment fall clearly within the broad language of the statute. *See United States v. Chovanec*, 467 F.Supp. 41, 44–45 (S.D.N.Y.1979).

*Severance*

■ Defendants Caron and Sovulj move for a trial severance on the grounds of prejudicial joinder. Neither of the defendants, however, has "come forward with facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial altogether." *United States v. Crisona*, 271 F.Supp. 150, 154 (S.D.N.Y.1967). In the absence of showings of requisite prejudice, the motions for severance lack merit.

*Other Motions*

■ The request for bills of particulars by defendants Sovulj and Caron present no sufficient reason for that relief. Defendant Caron's motion to dismiss the indictment for failure to connect him with the crimes

charged is hardly realistic in light of the fruits yielded in the search of his house and their connection with the matters charged herein. Defendant Andrew Stambuk's motion to suppress his statement is rendered moot by the Government's stipulation that it will not use his statement as part of its case.

\*     \*     \*     \*     \*     \*

All motions are accordingly denied.

SO ORDERED.