UNITED STATES of America, Plaintiff,

v.

**Ricardo VILLEGAS, Martin Bolivar, John Berrio, Jaime Cortez, Cesar Garcia–Marin, Harold Gomez, Carlos Gomez–Sanchez, Pedro Jaramaillo, Heriberto Torrez, Johanna Torrez, and Meliton Valbuena, Defendants.**

**Indictment No. 87–CR–151.**

United States District Court,
N.D. New York.

Nov. 19, 1988.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y., for plaintiff; David Homer, Ass't U.S. Atty., of counsel.

Dennis Schlenker, Albany, N.Y., for defendant Villegas.

Stanley Segal, Albany, N.Y., for defendant Bolivar.

Elena C. Vaida, Albany, N.Y., for defendant Berrio.

Stephen W. Herrick, Albany, N.Y., for defendant Cortez.

Donald T. Kinsella, Albany, N.Y., for defendant Garcia–Marin.

Richard L. Mott, Albany, N.Y., for defendant Gomez.

Thomas A. Spargo, Albany, N.Y., for defendant Gomez–Sanchez.

Matthew J. Kelly, Albany, N.Y., for defendant Jaramaillo.

Terence L. Kindlon, Albany, N.Y., for defendant Heriberto Torrez.

Fernande Rossetti, Albany, N.Y., for defendant Johanna Torrez.

Gaspar M. Castillo, Jr., Albany, N.Y., for defendant Valbuena.

## MEMORANDUM DECISION AND ORDER

CHOLAKIS, District Judge.

In this criminal action eleven defendants are charged with possessing, manufacturing, distributing and conspiring to manufacture and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendants were arrested on July 14, 1987, during the search of a farm located on Johnnycake Road in Herkimer, New York executed pursuant to a warrant issued by this court. At the time of the arrests, the Drug Enforcement Administration (DEA) seized large quantities of cocaine in various stages of manufacture.

By motions filed earlier in this matter, the defendants offered numerous grounds for suppressing post arrest statements and evidence seized at the time of the search. The general allegation is that the search was done, and the arrests made, without probable cause. Additionally, all statements were allegedly taken in violation of the defendants' Miranda rights. Suppression hearings were held to determine the voluntary nature of the statements taken from defendants Villegas, Cortez, Heriberto Torrez and Gomez, and, upon completion of those hearings, said statements were found to have been given voluntarily, and the motions to suppress those statements denied.

On September 7, 1988, a hearing was held in accordance with *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. 2d 667 (1978). Upon the completion of the *Franks* hearing, it was this Court's determination that defendants' allegations concerning false statements made by the DEA agents in support of the search warrant application were without basis, and suppression on this basis was denied.

The defendants requested a suppression hearing as to the evidence seized at the time of the search. The government maintains that the question as to whether there was probable cause for the warrants can properly be determined based upon the affidavits in support thereof. The search and seizure of evidence conducted on July 14, 1987 stems from information obtained from a surreptitious entry onto the farm on May 13, 1987. If probable cause is established for that original search, the evidence gathered pursuant to that search provides prob-

able cause for the issuance of the later warrant. Defendants Villegas and Berrio contend that a search without a seizure is a fishing expedition, violative of the Fourth Amendment and the Federal Rules of Criminal Procedure.

The government challenges the standing of a number of these defendants to contest the validity of either the search or the underlying warrants. It is the government's position that an assertion of Fourth Amendment rights is limited to the party whose rights have been violated, excluding those defendants who had no privacy interest in the property searched. The government does, however, concede the standing of defendant Villegas as owner of the farm.

■ It is an accepted principal of constitutional law that Fourth Amendment rights are personal rights which may not be asserted vicariously. *Rakas v. Illinois,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 425–26, 58 L.Ed.2d 387 (1978). A party aggrieved by an illegal search and seizure merely through the introduction of damaging evidence secured by the search of a third party's residence, has not had their Fourth Amendment rights infringed upon. *Id.,* at 134, 99 S.Ct. at 425. The individual seeking to assert their Fourth Amendment rights must have a legitimate expectation of privacy in the invaded place. *Rakas v. Illinois,* 439 U.S. at 143, 99 S.Ct. at 430. In order to establish a legitimate expectation of privacy, a defendant must show he had an actual subjective expectation of privacy, and that it is an expectation of privacy which society is willing to recognize as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979). The claim to privacy is one which must be reasonable in light of the surrounding circumstances. *United States v. Smith,* 621 F.2d 483, 487 (2d Cir.1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981) *(citing, Rakas v. Illinois,* 439 U.S. at 150, 99 S.Ct. at 434).

■ Defendants Villegas and Berrio challenge the surreptitious search in this case on two grounds: first that the very nature of the search is violative of the protections of the Fourth Amendment to the Constitution, and second, that the lack of any meaningful "return" on the warrant of May 12 is a violation of Fed.R.Crim.P. 41(d). These present particularly novel issues for this Court. However, the only defendant with standing to challenge the May 12 warrant is defendant Villegas. Admittedly the owner of the property in question, he is the only party with a sufficient privacy interest to challenge the search on that date. Defendant Berrio was not an occupant of the farm at that time, having arrived at the farm a few days prior to the July 14, 1987 search warrant. Supplemental Affidavit of Standing, May 18, 1988. Therefor, he cannot assert a privacy interest during the relevant time period, and his motion to suppress concerning the May 12 warrant is denied for lack of standing.[1]

■ The propriety of a "sneak and peek" warrant, as noted by counsel, is an issue which has not yet been addressed in this Circuit. The only court which appears to have addressed the issues raised by such warrants, is the Court of Appeals for the Ninth Circuit. In three separate opinions, that Court has indicated that such searches are violative of the Fourth Amendment if not accompanied by appropriate protective restrictions. The recognized problem with such clandestine searches is the lack of notice to the party whose privacy has been invaded as required under Fed.R.Crim.P. 41(d). *United States v. Freitas,* 800 F.2d 1451, 1455 (9th Cir.1986) *(Freitas I). Freitas I* is factually very similar to the case currently before this Court. In investigating an alleged methamphetamine factory, the agents conducting the investigation obtained a search warrant authorizing a surreptitious entry of a residence for purposes of establishing the existence of the illegal activity. The Court in *Freitas I* indicated the warrant at issue "was constitutionally defective in failing to provide explicitly for notice within a reasonable, but short, time subsequent to the surreptitious entry."

---

1. Although some of the other defendants requested to join in the motion by Villegas and Berrio, being similarly situated to defendant Berrio, those requests are denied.

*Id.*, at 1456. The Court then remanded the matter to the District Court for a hearing to determine if the agents actions in reliance upon the warrant were objectively reasonable, excusing any error by the Magistrate in issuing the warrant. See, *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Following remand, the Court again addressed the propriety of the sneak and peek warrant in *United States v. Freitas*, 856 F.2d 1425 (9th Cir.1988) (*Freitas II*). The Court held that the District Court had erred in ruling that the agent's conduct did not fall within the good faith exception to the exclusionary rule, denying suppression on constitutional grounds. It then went on to examine whether the statutory violation of Rule 41(d) required suppression. Distinguishing between a technical violation of Rule 41 (requiring a showing of bad faith for suppression), and a fundamental violation (mandating suppression), the Court held that the failure to provide notice in light of the novel circumstances surrounding the warrant did not constitute a fundamental violation of Rule 41. Therefor, having determined the agents acted in good faith, the motion to suppress was denied. *Id.*, at 1433.

In a case decided in the interim between *Freitas I* and *II*, the Ninth Circuit again expressed displeasure with the utilization of sneak and peek warrants. *United States v. Johns*, 851 F.2d 1131 (9th Cir. 1988). The search in *Johns* involved the surreptitious search of a rented storage unit, again with no provision for a return on the warrant. The Court held that the failure to include *any* provision for a return in the warrant rendered it fatally flawed under the Fourth Amendment and Rule 41, and remanded the matter for a hearing on the issue of the agents' good faith in executing the warrant. *Id.*, at 1135.

The warrant in this case is distinct from those in *Freitas* and *Johns* in that it does provide for a return within seven days. Search Warrant of May 12, 1987. The Court in *Freitas I*, specifically noted that inclusion of such a provision would allow such warrants to pass constitutional muster. *Freitas I*, 800 F.2d at 1456. Additionally, the agent provides an affidavit to support the necessity of such a warrant in the current case, a practice also noted by the Court in *Freitas I* as strengthening claims of meeting the commands of the Fourth Amendment. *Id.* Thus, in this Court's judgment the May 12 warrant is not violative of the Fourth Amendment to the Constitution.

■ The next issue to be addressed is whether the violation of Rule 41 in failing to make a return at the end of the seven day period is an error of such significance as to invalidate the warrant, requiring suppression of any illegal fruits. In this court's judgment it is not. Although there were eight extensions on the filing of the return, each extension was supported by an affidavit of necessity in continuing the time period. This Court, in reviewing those applications, found that there was a showing of necessity for the requested extensions. Although not recommending such practices in the future, the conduct at issue does not constitute a technical violation of Rule 41. The motion to suppress on this basis is denied.

■ A review of the search warrant in question requires this court to determine whether the affidavits in support thereof provided sufficient probable cause for this court to issue the original warrant. Even if parts of the affidavit are determined to be invalid, if the untainted portions are sufficient to establish probable cause, the warrant will be held to be valid. *United States v. Agapito*, 620 F.2d 324, 338 (2d Cir.), *cert. denied*, 449 U.S. 834, 101 S.Ct. 107, 66 L.Ed.2d 40 (1980). Additionally, the initial determination of probable cause made at the time the warrant was applied for is a substantial factor in upholding the validity of the warrant. *United States v. Jackstadt*, 617 F.2d 12, 13 (2d Cir.), *cert. denied*, 445 U.S. 966, 100 S.Ct. 1656, 64 L.Ed.2d 242 (1980). "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, ... the preference for warrants is most appropriately effectuated by

according 'great deference' to a magistrate's determination." *United States v. Leon*, 468 U.S. at 914, 104 S.Ct. at 3416 (citations omitted). The supporting affidavits should be read in a common sense and realistic fashion, with any doubts to be resolved in favor of upholding the warrant, allowing for reasonable inferences to be drawn from the facts submitted in support of the application. *United States v. Jackstadt*, 617 F.2d at 14. Probable cause is established when the facts and circumstances within the affiant's knowledge and of which he has reasonable trustworthy information are sufficient unto themselves to warrant men of reasonable caution to believe an offense is being committed, has been committed, or is about to be committed. *United States v. Feola*, 651 F.Supp. 1068, 1089 (S.D.N.Y.1987) (citations omitted). This determination must be made based upon "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id., quoting, Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Finally, although it may be insufficient alone, when considered with other evidence, the government agent's expert opinion is an important factor in determining probable cause. *United States v. Benevento*, 836 F.2d 60, 71 (2d Cir.), *cert. denied sub nom.,* —— U.S. ——, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988).

■ A review of the original affidavit in support of the sneak and peek warrant indicates it provides ample probable cause for the issuance of the warrant. A confidential source provided information to the government concerning the existence of a cocaine factory in the general vicinity of the farm eventually searched, and an individual's (later determined to be defendant Villegas) involvement therein. Much of this information was corroborated through independent investigation by the government. This investigation also produced additional information supporting the government's theory that the cocaine factory was in fact operating on these premises. Looking to the totality of the circumstances as presented in the affidavit in support of the

warrant, all of this data, coupled with the experience of the government agents in dealing with enterprises of this nature, provides ample probable cause for the issuance of the May 12, 1987 warrant. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

■ Having determined the May 12, 1987 warrant to be valid, the July 14, 1987 is equally valid. The affidavit in support of the May 12 warrant was incorporated by reference into the application for the July 14 warrant. Additionally, all the information obtained through the May 13 search, indicative of the illegal activities being carried out at the farm, was also detailed in support of the later warrant. In upholding the validity of the earlier warrant, and the information gathered pursuant thereto, the July 14 warrant is clearly supported by probable cause. *See, United States v. Feola*, 651 F.Supp. at 1089 (*citing, United States v. Hall*, 724 F.2d 1055, 1060 (2d Cir.1983)) (Absent specific allegations of illegality, subsequent wire tap orders upheld based on validity of first order). Defendants' motions to suppress all evidence seized pursuant to the July 14 search warrant is denied.

The defendants have also challenged the probable cause to arrest on the day the July 14, 1987 search warrant was executed. Defendants assert that although there was a search warrant in this case, this warrant did not authorize any arrests, and the mere presence at the scene is insufficient to support an arrest.

■ The mere presence at the location of criminal activity cannot, in and of itself constitute probable cause for arrest. *United States v. Butts*, 704 F.2d 701, 704 (3d Cir.1983) (*citing, Ybarra v. Illinois*, 444 U.S. 85, 90, 100 S.Ct. 338, 341, 62 L.Ed.2d 238 (1979)). However, "... for Fourth Amendment purposes, ... a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705, 101 S.Ct. 2587, 2595, 69 L.Ed.2d 340

(1981). It is legal to continue such detention until the search provides evidence of probable cause to arrest. *Id.*

 The standard for determining whether there is probable cause to arrest a particular individual is whether, under the totality of the circumstances, there is a probable or substantial chance of criminal activity. *United States v. Benevento*, 836 F.2d at 66. The constitutional validity of an arrest depends on whether, at the moment the arrest was made, the officers had probable cause to make it. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed. 2d 142 (1964). The crucial question is "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Id. (citing, Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949)); *United States v. Ceballos*, 654 F.2d 177, 184–85 (2d Cir.1981). The probable cause necessary for a warrantless arrest is neither greater than nor less than that needed for a magistrate to issue a warrant, but it is significantly less than that necessary to prove guilt. *United States v. Swingler*, 758 F.2d 477, 486 (10th Cir.1985).

 In the current action, at the time the July 14, 1987 warrant was executed, the agents executing the warrant expected to, and did in fact find, a large scale cocaine factory on the premises. Large Amounts of cocaine, and the instrumentalities of its manufacture, were found throughout the premises and in the presence of the defendants. Many of the defendants were apprehended participating in various stages of the operation. Based upon these circumstances, this Court finds that a reasonable man would believe that criminal activity was occurring, and that the defendants were participants therein. See, *United States v. Wajda*, 810 F.2d 754 (8th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987) (presence in house where drug distribution network operating sufficient for conviction of pos-

session of narcotics when supported by presence of large amount of narcotics and drug paraphernalia). Defendants' assertions concerning the lack of probable cause to support their arrests is without basis, and the motion to suppress on that ground is denied.

IT IS SO ORDERED.