ROBERT L. EHRLICH AND JO ANN F. EHRLICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ehrlich v. Commissioner
Docket No. 22029-89
United States Tax Court
T.C. Memo 1993-133; 1993 Tax Ct. Memo LEXIS 150; 65 T.C.M. (CCH) 2274; April 1, 1993, Filed *150 An appropriate order and decision will be entered granting respondent's motion and determining deficiencies which reflect the effect of the Stipulation of Settled Issues. Held, on the facts, the provisions of Rule 91(e), Tax Court Rules of Practice and Procedure, do not require the Court to relieve petitioners of the binding effect of a stipulation of settled issues into which the parties entered and which in due course was filed with the Court. For petitioners: Walter Weiss. For respondent: James M. Klein. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: Petitioners and respondent filed an executed stipulation of settled issues (stipulation) regarding the Newcomb Government Securities Tax Shelter (Newcomb). Subsequently, respondent filed a Motion for Entry of Decision based on the stipulation, in response to which petitioners filed their "Memorandum of Law" (Memorandum) in opposition to respondent's Motion. In the Memorandum petitioners seek to be relieved of the binding effect of the stipulation pursuant to Rule 91(e), and the application of income averaging in computing income for the taxable year 1981. (Unless otherwise indicated, all rule references are to the Tax Court Rules *151 of Practice and Procedure.) Respondent thereafter filed a response to petitioners' Memorandum. The issues for our consideration are whether relief from the binding effect of the stipulation is appropriate and if so, whether petitioners are entitled to income averaging. Petitioners assert that a mutual mistake of fact occurred in the execution of the stipulation. They advance two separate grounds justifying the relief they seek. First, petitioners contend that the terms contained in the stipulation do not reflect the terms orally agreed upon in a telephone conference call. Second, they argue that the stipulation is inconsistent with the settlements respondent agreed to in other cases involving Newcomb and is violative of the holding of Price v. Commissioner, 88 T.C. 860 (1987). Stipulations are generally controlling on the parties, and the Court is bound to enforce them. Stamos v. Commissioner, 87 T.C. 1451, 1454 (1986). Rule 91(e) provides an exception to this general rule by permitting relief from the binding effect of a stipulation where the interests of justice require such relief. However, such discretion is *152 not exercised without good cause. Saigh v. Commissioner, 26 T.C. 171, 177 (1956). In determining what circumstances justify relief from a stipulation, we look to general principles of contract law. Slawek v. Commissioner, T.C. Memo. 1991-338, affd. without published opinion, 972 F.2d 1332 (3d Cir. 1992); Korangy v. Commissioner, T.C. Memo. 1989-2, affd. 893 F.2d 69 (4th Cir. 1990). The considerations relevant to our determination are closely analogous to those involved in vacating a judgment by consent. Stamm International Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988); see United States v. Armour & Co., 402 U.S. 673, 681-682 (1971). Consequently, a showing of mutual mistake of fact, fraud, undue duress, etc., will justify relief by this Court. Saigh v. Commissioner, supra at 177; MacElvain v. Commissioner, T.C. Memo. 1987-366. Our review of the facts does not reveal any mutual mistake by the parties *153 in executing the stipulation. Respondent and petitioners' counsel participated in a telephone conference call and arrived at a mutually agreeable resolution of the determined deficiencies. Respondent then reduced the oral agreement to writing and sent it to petitioners' counsel for review and execution. At that point it was the responsibility of petitioners' counsel to read and understand the significance of the stipulation, a responsibility he apparently did not assume. He now wishes to be relieved of the consequences of that admitted failure. However, petitioners' counsel executed the document and returned it to respondent, whereupon it was signed on behalf of respondent and filed with the Court. Consequently, any misunderstanding or mistake regarding the various provisions of the stipulation remain solely the responsibility of petitioners' counsel. If, in fact, a mistake occurred, the mistake was unilateral, not mutual. Furthermore, the basis for the settlement does not appear to be unfair to petitioners. They complain that the stipulation reflects, for the taxable year 1981, the disallowance of petitioners' itemized interest and ordinary loss deductions resulting from *154 Newcomb straddle transactions, while interest income, ordinary gain and capital gain resulting from the same transactions in the same year were not adjusted. Petitioners admit that the years 1979 and 1980, being the initial two years of the shelter, were not adjusted because at the time of the settlement the statute of limitations for those years had closed without petitioners' being audited. But respondent points out that in proposing the settlement, to which petitioners initially agreed, respondent left the 1981 gain portions of the Newcomb transaction in place because adjustments for the earlier years, 1979 and 1980, in which losses were incurred, were barred by the statute of limitations. Respondent thus logically asserts that the settlement was expressly designed to reflect petitioners' duty of consistency. In other words, what petitioners now seek is no change in the tax consequences of the Newcomb straddle transactions in which they participated, a result obviously in conflict with the result in Price v. Commissioner, 88 T.C. 860 (1987), the test case in the Newcomb straddle controversy. In Price we held that the Newcomb straddles were *155 fictitious and therefore shams. Price v. Commissioner, supra at 883. Petitioners' position, if adopted by the Court, would vitiate the consequences of Price insofar as petitioners are concerned. Given our conclusion that the stipulation was validly executed, we decline to consider the substance of petitioners' second argument that the terms of the executed stipulation are inconsistent with the terms on which respondent settled eight other cases involving Newcomb, an allegation respondent also vigorously denies. In any case, once a stipulation is executed, we are bound to uphold the agreement. Stamos International Corp. v. Commissioner, supra at 1454; Saigh v. Commissioner, supra at 177. Moreover, as we ruled in Stamm, since parties to a stipulation are generally treated as if they executed a valid contract, they are held "to their agreement without regard to whether the judgment is correct on the merits." Stamm, supra at 322; accord United States v. Armour & Co., supra at 681-682. Consequently, petitioners do not assert a ground sufficient to justify *156 relief from the stipulation. Since we have held that the stipulation has binding effect on the parties we need not consider petitioners' contention that they are entitled to use income averaging in calculating their taxable income. By entering into the stipulation petitioners are deemed to have conceded this issue. We hold that on the facts as above discussed, the provisions of Rule 91(e) do not require the Court to relieve petitioners of the binding effect of the Stipulation of Settled Issues into which the parties entered and which in due course was filed with the Court. To reflect the foregoing, An appropriate order and decision will be entered granting respondent's motion and determining deficiencies which reflect the effect of the Stipulation of Settled Issues.