T.C. Memo. 1996-360


UNITED STATES TAX COURT


THOMAS R. AND MARGARET KENNEDY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 28309-88.                    Filed August 6, 1996.


<u>Larry Kars</u>, for petitioners.

<u>Cheryl B. Harris</u>, for respondent.


MEMORANDUM OPINION


WRIGHT, <u>Judge</u>:  This matter is before the Court on respondent's motion for entry of decision in accordance with a stipulation of settlement (the stipulation) filed October 11, 1994.  We must decide whether the subject decision should reflect an adjustment that is not reflected in the stipulation.

Background

Petitioners resided in Winter Haven, Florida, when they petitioned the Court. This case is part of respondent's tax shelter litigation project entitled "Scheer". The Scheer project involves a partnership organized by Lawrence Scheer to purchase and market video tapes. By notices of deficiency dated August 2, 1988, respondent determined deficiencies in, additions to, and increased interest on petitioners' Federal income tax as follows:[1]

| | | Additions to Tax and Increased Interest | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) |
| 1981 | $10,316.29 | $ 515.82 | [1] | $1,956.70 | [2] |
| 1982 | 7,663.00 | 383.15 | [1] | 2,298.90 | [2] |

1 50% of the interest due on the deficiency.
2 120% of the interest payable under sec. 6601.

In the stipulation, petitioners agreed to be bound by the test case entitled Pinto v. Commissioner, docket No. 17407-86. This Court entered a decision in the Pinto case on January 18, 1995. The stipulation provides:

> With respect to all adjustments in respondent's notice of deficiency relating to the Scheer Project tax shelter, more specifically, the limited partnership entitled Richard II, Ltd., the parties stipulate to the following terms of settlement:
>
> 1. THE ABOVE ADJUSTMENTS ARE THE ONLY ISSUES IN THIS CASE WITH RESPECT TO ALL PARTIES;

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

2.   The above adjustments, as specified in the preamble, shall be redetermined by application of the same formula as that which resolved the same tax shelter adjustments with respect to the following taxpayers:

Names:  Melvin and Barbara Pinto
Tax Court Docket No.:  17407-86

(hereafter the CONTROLLING CASE)

3.   All issues involving the above adjustments shall be resolved as if the petitioners in this case were the same as the taxpayers in the CONTROLLING CASE;

* * *

5.   A decision shall be submitted in this case when the decision in the CONTROLLING CASE (whether litigated or settled) becomes final under I.R.C. § 7481;

* * *

The parties agree to this STIPULATION OF SETTLEMENT.

Respondent filed a motion for entry of decision with this Court on October 30, 1995.  Attached as an exhibit to said motion was a decision document (the Document) that respondent claims to be in accordance with the stipulation.  By Order dated November 7, 1995, the Court directed petitioners to show cause why respondent's above-referenced motion should not be granted. Petitioners filed their response on December 15, 1995.  They contend that respondent's determination fails to account properly for a 1981 investment tax credit and a 1981 sales tax deduction.

By Order dated April 16, 1996, the Court directed respondent to address petitioners' above-referenced response.  On June 10,

1996, respondent filed her response.  Respondent principally argues that petitioners are bound by the stipulation, and the objections raised in petitioners' above-referenced response amount to new issues that are not now before the Court. Respondent, however, concedes petitioners' sales tax argument.

Discussion

The general principles of contract law govern the compromise and settlement of tax cases.  In essence, settlement stipulations are contracts, and this Court is bound to enforce them.  Stamos v. Commissioner, 87 T.C. 1451, 1454 (1986).  During the process of negotiation, each party agrees to concede rights that may be asserted against his or her adversary as consideration for those secured in the agreement.  Saigh v. Commissioner, 26 T.C. 171, 177 (1956).  We enforce settlement stipulations unless justice requires otherwise.  Adams v. Commissioner, 85 T.C. 359, 375 (1985); Saigh v. Commissioner, supra.  We also enforce stipulations where the parties agree to be bound by the outcome of a test case.  Hillman v. Commissioner, T.C. Memo. 1982-468. In determining the proper meaning of the terms of settlement, we look to the language of the stipulation and the circumstances surrounding its execution.  Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969).

Petitioners ask the Court to instruct respondent to prepare a decision document that reflects their argument regarding an investment tax credit.  We decline to do so because the

adjustment sought by petitioners is not addressed in the stipulation and is not computational in nature. The stipulation agreement is clear and shows that the parties agreed to resolve this case in the manner set forth therein. It was incumbent upon petitioners' counsel to understand the significance of the stipulation before agreeing to it on behalf of petitioners. The stipulation was voluntarily entered into and must be given binding effect. The interests of justice do not require otherwise. The parties struck a bargain in the stipulation, and petitioners must live with both its benefits and burdens.

Respondent requests that the Court impose against petitioners and their counsel a penalty pursuant to section 6673(a)(1) and (2). In support of this request, respondent contends that petitioners advanced arguments primarily for the purpose of delaying entry of decision. In the exercise of our discretion, we shall not grant respondent's request.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion for entry of decision, and decision will be entered accordingly.</u>