T.C. Memo. 1996-358


UNITED STATES TAX COURT


JOHN W. AND MARY ANNE ANTOINE, ALBERT G. AND LOUISE A. CHURIK,
JOHN R. AND SUSAN E. ROSS, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27533-87.                    Filed August 6, 1996.


Larry Kars, for petitioners.

Cheryl B. Harris, for respondent.


MEMORANDUM OPINION


WRIGHT, Judge:  This matter is before the Court on respondent's motion for entry of decision in accordance with a stipulation of settlement (the stipulation) filed October 11, 1994.  We must decide whether the subject decision should reflect several adjustments that are not reflected in the stipulation.

Background

Petitioners John and Mary Anne Antoine resided in Bryan, Texas, when they petitioned the Court.  Petitioners Albert and Louise Churik resided in New Kensington, Pennsylvania, when they petitioned the Court.  Petitioners John and Susan Ross resided in Pittsburgh, Pennsylvania, when they petitioned the Court.[1]  This case is part of respondent's tax shelter litigation project entitled "Scheer".  Scheer involves a partnership organized to purchase and market video tapes.  By notice of deficiency dated June 2, 1987, respondent determined deficiencies in, additions to, and increased interest on petitioners John and Mary Anne Antoine's Federal income tax as follows:[2]

|  | | Additions to Tax and Increased Interest | | | |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) |
| 1982 | $9,951[2] | $497.55 | [1] | | $2,179.27 |

1 50% of the interest due on the deficiency.
2 120% of the interest payable under sec. 6601.

By notice of deficiency dated June 8, 1987, respondent determined deficiencies in, additions to, and increased interest on petitioners Albert and Louise Churik's Federal income tax as follows:

---

[1]Although petitioners received separate deficiency notices, they filed a collective petition.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Additions to Tax and Increased Interest

| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) |
|------|-----------|-----------------|-----------------|-----------|--------------|
| 1981 | $5,207 | $260.35 | [1] | $1,529.40 | [2] |
| 1982 | 4,148 | 207.40 | [1] | 948.60 | [2] |

1 50% of the interest due on the deficiency.
2 120% of the interest payable under sec. 6601.

By notice of deficiency dated June 10, 1987, respondent determined deficiencies in, additions to, and increased interest on petitioners John and Susan Ross' Federal income tax as follows:

Additions to Tax and Increased Interest

| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) |
|------|-----------|-----------------|-----------------|-----------|--------------|
| 1981 | $6,362 | $318.10 | [1] | $1,908.60 | [2] |
| 1982 | 4,035 | 201.75 | [1] | 1,210.50 | [2] |

1 50% of the interest due on the deficiency.
2 120% of the interest payable under sec. 6601.

In the stipulation, petitioners agreed to be bound by the test case entitled Pinto v. Commissioner, docket No. 17407-86. This Court entered a decision in the Pinto case on January 18, 1995. The stipulation provides:

> With respect to all adjustments in respondent's notice of deficiency relating to the Scheer Project tax shelter, more specifically, the limited partnership entitled Richard II, Ltd., the parties stipulate to the following terms of settlement:
>
> 1. THE ABOVE ADJUSTMENTS ARE THE ONLY ISSUES IN THIS CASE WITH RESPECT TO ALL PARTIES;
>
> 2. The above adjustments, as specified in the preamble, shall be redetermined by application of the same formula as that which resolved the same tax shelter adjustments with respect to the following taxpayers:

Names:  Melvin and Barbara Pinto
Tax Court Docket No.:  17407-86

(hereafter the CONTROLLING CASE)

3.  All issues involving the above adjustments shall be resolved as if the petitioners in this case were the same as the taxpayers in the CONTROLLING CASE;

* * *

5.  A decision shall be submitted in this case when the decision in the CONTROLLING CASE (whether litigated or settled) becomes final under I.R.C. § 7481;

* * *

The parties agree to this STIPULATION OF SETTLEMENT.

Respondent filed a motion for entry of decision with this Court on October 30, 1995.  Attached as an exhibit to said motion was a decision document (the Document) which respondent claims to be in accordance with the stipulation.  By Order dated November 7, 1995, the Court directed petitioners to show cause why respondent's above-referenced motion should not be granted. Petitioners filed their response on January 16, 1996.  They contend that respondent's determinations involve incorrect calculations and suggest that corrections are necessary before a decision can be entered in this case.  More specifically, petitioners John and Mary Anne Antoine maintain that their notice of deficiency does not reflect income-averaging and fails to account properly for a sales tax deduction.

Petitioners Albert and Louise Churik claim that their deficiency notice does not reflect their pro rata share of a partnership deduction that stems from a guaranteed payment and fails to account properly for a sales tax deduction. Petitioners John and Susan Ross claim that their notice of deficiency does not reflect their pro rata share of a partnership deduction that stems from a guaranteed payment, does not reflect income-averaging, fails to account properly for a sales tax deduction, and fails to account accurately for an investment tax credit in 1981.

By Order dated April 16, 1996, the Court directed respondent to address petitioners' above-referenced response. On June 10, 1996, respondent filed her response. Respondent principally argues that petitioners are bound by the stipulation agreement, and the objections raised in petitioners' above-referenced response amount to issues that are not now before the Court. Respondent, however, concedes petitioners John and Mary Anne Antoine's claim to a sales tax deduction. Respondent also concedes petitioners John and Susan Ross' arguments regarding the investment tax credit and the sales tax deduction.

Discussion

The general principles of contract law govern the compromise and settlement of tax cases. In essence, settlement stipulations are contracts, and this Court is bound to enforce them. Stamos v. Commissioner, 87 T.C. 1451, 1454 (1986). During the process

of negotiation, each party agrees to concede rights that may be asserted against his or her adversary as consideration for those secured in the agreement. Saigh v. Commissioner, 26 T.C. 171, 177 (1956). We enforce settlement stipulations unless justice requires otherwise. Adams v. Commissioner, 85 T.C. 359, 375 (1985); Saigh v. Commissioner, supra. We also enforce stipulations where the parties agree to be bound by the outcome of a test case. Hillman v. Commissioner, T.C. Memo. 1982-468. In determining the proper meaning of the terms of settlement, we look to the language of the stipulation and the circumstances surrounding its execution. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969).

Petitioners request that we instruct respondent to prepare a decision document that incorporates several noncomputational adjustments. We decline this invitation. The adjustments sought by petitioners are not addressed in the stipulation agreement and involve issues that are not now before the Court. The stipulation is clear and shows that the parties agreed to resolve this case in the manner set forth therein. It was incumbent upon petitioners' counsel to understand the significance of the stipulation before agreeing to its content on behalf of petitioners. The stipulation was voluntarily entered into and must be given binding effect. The interests of justice do not require otherwise. The parties struck a bargain, and petitioners must live with its benefits and burdens.

Respondent requests that the Court impose against petitioners and their counsel a penalty pursuant to section 6673(a)(1) and (2).  In support of this request, respondent contends that petitioners advanced arguments primarily for the purpose of delaying entry of decision.  In the exercise of our discretion, we shall not grant respondent's request.  To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion for entry of decision, and decision will be entered accordingly.</u>