T.C. Memo. 2003-110

UNITED STATES TAX COURT

LIDIA LAMANNA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

FRANCISCO LAMANNA, a.k.a. FRANK LAMANNA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7569-99, 7570-99.        Filed April 18, 2003.

Lidia Lamanna, pro se in docket No. 7569-99.

Francisco Lamanna, pro se in docket No. 7570-99.

<u>Lorraine Y. Wu</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  These cases were assigned to Chief Special
Trial Judge Peter J. Panuthos, pursuant to the provisions of

section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court
agrees with and adopts the opinion of the Chief Special Trial
Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This case is before
the Court on respondent's motions for entry of decision in
accordance with the parties' stipulation of settled issues filed
on May 14, 2002.  As explained in detail below, we shall grant
respondent's motions.

Background

Respondent issued petitioners a statutory notice of
deficiency, dated January 27, 1999, determining the following
income tax deficiencies, additions to tax, and penalties:

| Year | Deficiency | Additions to Tax | | | | | Penalty |
| | | Sec. 6651(a) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6653(a) | Sec. 6654 | Sec. 6662(a) |
|---|---|---|---|---|---|---|---|
| 1986 | $20,235 | $5,059 | $1,012 | 50% of the interest due on $20,235 | --- | $980 | --- |
| 1987 | 48,438 | 12,110 | 2,422 | 50% of the interest due on $48,438 | --- | 2,618 | --- |
| 1988 | 36,091 | 9,023 | --- | --- | $1,805 | 2,308 | --- |
| 1989 | 37,235 | 9,309 | --- | --- | --- | 2,515 | $7,447 |
| 1990 | 38,968 | 8,992 | --- | --- | --- | 2,370 | 7,194 |
| 1991 | 55,343 | 13,836 | --- | --- | --- | 3,185 | 11,069 |

The adjustments to income in the notice of deficiency were
primarily due to respondent's disallowance of various deductions
claimed on Schedule A and to the disallowance of total expenses

---

[1]  All section references are to the Internal Revenue Code
in effect for the years in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

claimed on Schedule E of petitioners' jointly filed Federal income tax returns for 1986 through 1991.

Frank Lamanna and Lidia Lamanna each filed a petition with this Court. At the time the petitions were filed petitioners resided in Los Angeles, California. Respondent filed an answer to each petition and later filed a motion to consolidate for trial, briefing, and opinion. On January 20, 2000, we granted respondent's motion to consolidate.

These consolidated cases were originally set for trial on January 24, 2000. Petitioners moved for a continuance on four separate occasions, based on a variety of grounds, including but not limited to an opportunity for petitioners to engage counsel.

These cases were set for trial at the trial session beginning May 13, 2002. The parties executed on May 13, 2002, a stipulation of settled issues that covered all taxable years in issue.[2] The stipulation, filed on May 14, 2002, set forth numerous adjustments that resulted in no deficiencies, no additions to tax, and no penalties for taxable years 1987 through 1991. For 1986, the remaining taxable year, the stipulation provided in pertinent part:

_____

[2] While there are two docketed cases before the Court, there is one stipulation of settled issues which addresses all issues in each of these consolidated cases.

## 1986

1.  For taxable year 1986, petitioners are entitled to total Schedule E expenses in the amount of $212,906.44.

2.  For taxable year 1986, petitioners are not entitled to a Schedule A medical expense deduction.

3.  For taxable year 1986, petitioners are entitled to a Schedule A mortgage interest expense deduction in the amount of $5,218.00.

4.  For taxable year 1986, petitioners are not entitled to a Schedule A charitable contribution deduction.

5.  For taxable year 1986, petitioners are subject to an addition to tax pursuant to I.R.C. Section 6651(a).

6.  For taxable year 1986, petitioners are subject to an addition to tax pursuant to I.R.C. Section 6653(a)(1)(A) for negligence.

7.  For taxable year 1986, petitioners are subject to an addition to tax pursuant to I.R.C. Section 6653(a)(1)(B) for negligence.

8.  For taxable year 1986, petitioners are subject to an addition to tax pursuant to I.R.C. Section 6654 for failure to pay estimated taxes.

        *       *       *       *       *       *       *

For All Years (1986, 1987, 1988, 1989, 1990, and 1991)

47.  It is further stipulated that interest will be assessed as provided by law on any deficiencies due from the petitioners.

48.  This STIPULATION OF SETTLED ISSUES resolves all of the issues before the Court.

Based on the stipulation, respondent prepared a decision in each of these consolidated cases.  For the 1986 taxable year,

respondent's decision proposed the following deficiency and additions to tax:

| Year | Deficiency | Sec. 6651(a) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6654 |
|------|-----------|--------------|---------------------|---------------------|-----------|
| 1986 | $3,096 | $774 | $154.80 | $3,096 | $149.78 |

Respondent sent each petitioner a letter dated July 5, 2002, enclosing the proposed decision document with supporting computations.  Petitioners refused to sign the decision document for a variety of reasons.  First, petitioners claim that the decision document does not conform with the terms of the stipulation of settled issues.  Second, they claim that they were denied an opportunity to consult with an attorney prior to signing the stipulation of settled issues.  Third, they claim that respondent's counsel misled them into believing the stipulation they signed was not final and could be subject to revisions.

In particular, petitioners wanted to revise the signed stipulation, with respect to the 1986 taxable year, to show a Schedule A mortgage interest deduction of $29,305 instead of the listed amount of $5,218 and to include Schedule E rental income of only $127,752 instead of the $172,752 amount listed on their 1986 Federal income tax return.  Petitioners were aware that the Schedule A mortgage interest deductions were in issue prior to their signing the stipulation of settled issues.  Petitioners claim that respondent's counsel agreed to allow further interest

expense deductions and Schedule E adjustments after the stipulation of settled issues was signed and filed. Respondent's counsel denies that she promised petitioners anything other than what had been agreed upon in the stipulation.

Respondent filed a Motion for Entry of Decision in each of these consolidated cases. Each petitioner filed an Objection to respondent's motion and a Reply to respondent's response.[3]

## Discussion

A controversy before this Court may be settled by agreement of the parties. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 329 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000). A settlement stipulation is in essence a contract. Stamos v. Commissioner, 87 T.C. 1451, 1455 (1986). Accordingly, general principles of contract law determine whether a settlement has been reached and, if so, whether the stipulation is binding and enforceable. Dorchester Indus. Inc. v. Commissioner, supra at 330.

Under such principles, we enforce a valid settlement stipulation absent a showing of lack of formal consent, fraud,

---

[3] The documents initially submitted by petitioners on July 23 and Oct. 10, 2002, asked the Court for an entry of decision in which there would be no deficiencies, no additions to tax, and no penalties for all taxable years in issue. The Court filed the documents as petitioners' (1) Opposition to Respondent's Motion for Entry of Decision and (2) Reply to Respondent's Response to Petitioner's Opposition to Motion for Entry of Decision, respectively. See Rule 54.

mutual mistake, or some similar ground. A mistake by one of the parties alone is not a sufficient ground to vacate a settlement agreement. <u>Stamm Intl. Corp. v. Commissioner</u>, 90 T.C. 315, 320-321 (1988).

Moreover, we "will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except * * * where justice requires", Rule 91(e), or "unless good cause is shown." <u>Saigh v. Commissioner</u>, 26 T.C. 171, 176 (1956). Factors to consider include the injury to the opposing party and the amount of inconvenience to the Court if the stipulation were set aside or modified, as well as the possible injustice to the moving party if the stipulation were enforced. <u>Adams v. Commissioner</u>, 85 T.C. 359, 375 (1985). More stringent standards to modify or set aside a settlement stipulation shall apply when a trial is canceled as a result of the stipulation. <u>Stamm Intl. Corp. v. Commissioner</u>, <u>supra</u> at 321. In such cases, the parties are held to their agreement without regard to whether the judgment is correct on the merits. <u>Id.</u> at 322.

In the present consolidated cases, the stipulation of settled issues is valid. It was signed by all parties and filed with the Court on May 14, 2002. It is comprehensive, encompassing both consolidated cases, covering all taxable years in issue, and disposing of all issues raised by the statutory notice of deficiency dated January 27, 1999.

Petitioners nevertheless claim that respondent's counsel misled them into believing the stipulation they signed was not final and could be subject to revisions. They have not offered any credible evidence to support their claim. Nor is there any evidence to show that respondent committed fraud in having petitioners sign the stipulation. At most, petitioners' claim amounts to a unilateral mistake, which is not a sufficient ground to vacate a settlement agreement.

The interests of justice also do not justify setting aside or modifying the stipulation of settled issues. It was executed during the late afternoon of May 13, 2002, and filed in time to avert trial. Prior to that, petitioners had moved for a continuance on four separate occasions, in part because they represented to the Court that they wanted an opportunity to engage counsel. Their claim now that they were unfairly denied an opportunity for attorney consultation prior to signing the stipulation does not satisfy the more stringent standards to modify or set aside a settlement stipulation when a trial is canceled as a result of the stipulation. We note that the stipulation of settled issues results in no deficiencies, additions to tax, and penalties for taxable years 1987 through 1991, and for the remaining taxable year of 1986, the deficiency, additions to tax, and penalty were substantially reduced when

compared to the corresponding amounts in the statutory notice of deficiency.

Accordingly, petitioners are bound by the amounts shown in the stipulation.

To reflect the foregoing,

<u>An order granting respondent's motion and decision will be entered in each docket</u>.