T.C. Memo. 1996-357


UNITED STATES TAX COURT


ROBERT W. AND PATRICIA A. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9954-87.                    Filed August 6, 1996.


<u>Larry Kars</u>, for petitioners.

<u>Cheryl B. Harris</u>, for respondent.


MEMORANDUM OPINION

WRIGHT, <u>Judge</u>:  This matter is before the Court on
respondent's motion for entry of decision in accordance with a
stipulation of settlement (the stipulation) filed October 11,
1994.  We must decide whether the subject decision should reflect
several adjustments that are not reflected in the stipulation.

Background

Petitioners resided in Pittsburgh, Pennsylvania, when they petitioned the Court. This case is part of respondent's tax shelter litigation project entitled "Scheer". Scheer involves a partnership organized to purchase and market video tapes. By notice of deficiency dated January 27, 1987, respondent determined deficiencies in, additions to, and increased interest on petitioners' Federal income tax as follows:[1]

| | | Additions to Tax and Increased Interest | | | | |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) | Sec. 6661 |
| 1981 | $24,350.02 | $1,217.50 | [1] | $6,945.76 | [2] | --- |
| 1982 | 24,586 | 1,229.30 | [1] | 5,310.60 | [2] | $1,721 |

1 50% of the interest due on the deficiency.
2 120% of the interest payable under sec. 6601.

In the stipulation, petitioners agreed to be bound by the test case entitled Pinto v. Commissioner, docket No. 17407-86. This Court entered a decision in the Pinto case on January 18, 1995. The stipulation provides:

> With respect to all adjustments in respondent's notice of deficiency relating to the Scheer Project tax shelter, more specifically, the limited partnership entitled Richard II, Ltd., the parties stipulate to the following terms of settlement:
>
> 1. THE ABOVE ADJUSTMENTS ARE THE ONLY ISSUES IN THIS CASE WITH RESPECT TO ALL PARTIES;
>
> 2. The above adjustments, as specified in the preamble, shall be redetermined by application of the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

same formula as that which resolved the same tax shelter adjustments with respect to the following taxpayers:

Names:  Melvin and Barbara Pinto
Tax Court Docket No.:  17407-86

(hereafter the CONTROLLING CASE)

3.  All issues involving the above adjustments shall be resolved as if the petitioners in this case were the same as the taxpayers in the CONTROLLING CASE;

* * *

5.  A decision shall be submitted in this case when the decision in the CONTROLLING CASE (whether litigated or settled) becomes final under I.R.C. § 7481;

* * *

The parties agree to this STIPULATION OF SETTLEMENT.

Respondent filed a motion for entry of decision with this Court on October 30, 1995.  Attached as an exhibit to said motion was a decision document (the Document) that respondent claims to be in accordance with the stipulation.  By Order dated November 7, 1995, the Court directed petitioners to show cause why respondent's above-referenced motion should not be granted. Petitioners filed their response on December 13, 1995.  They contend that respondent's determinations involve incorrect calculations and suggest that corrections are necessary before a decision can be entered in this case.  More specifically, petitioners claim that respondent's determination omits various ordinary losses, fails to recognize an investment tax credit

carry-forward, and does not fully account for an itemized deduction involving a sales tax.

By Order dated April 16, 1996, the Court directed respondent to address petitioners' above-referenced response. On June 10, 1996, respondent filed her response. Respondent principally argues that petitioners are bound by the stipulation, and the objections raised in petitioners' above-referenced response amount to new issues that are not now before the Court. Respondent, however, concedes petitioners' sales tax argument.

Discussion

The general principles of contract law govern the compromise and settlement of tax cases. In essence, settlement stipulations are contracts, and this Court is bound to enforce them. Stamos v. Commissioner, 87 T.C. 1451, 1454 (1986). During the process of negotiation, each party agrees to concede rights that may be asserted against his or her adversary as consideration for those secured in the agreement. Saigh v. Commissioner, 26 T.C. 171, 177 (1956). We enforce settlement stipulations unless justice requires otherwise. Adams v. Commissioner, 85 T.C. 359, 375 (1985); Saigh v. Commissioner, supra. We also enforce stipulations where the parties agree to be bound by the outcome of a test case. Hillman v. Commissioner, T.C. Memo. 1982-468. In determining the proper meaning of the terms of settlement, we look to the language of the stipulation and the circumstances

surrounding its execution.  Robbins Tire & Rubber Co. v.
Commissioner, 52 T.C. 420, 435-436 (1969).

Petitioners ask the Court to instruct respondent to prepare
a decision document that incorporates several noncomputational
adjustments.  We decline to do so.  The adjustments sought by
petitioners are not addressed in the stipulation and involve
issues that are not now before the Court.  The stipulation is
clear and shows that the parties agreed to resolve this case in
the manner set forth therein.  It was incumbent upon petitioners'
counsel to understand the significance of the stipulation before
agreeing to it on behalf of petitioners.  The stipulation was
voluntarily entered into and must be given binding effect.  The
interests of justice do not require otherwise.  The parties
struck a bargain in the stipulation, and petitioners must live
with both its benefits and burdens.

Respondent requests that the Court impose against
petitioners and their counsel a penalty pursuant to section
6673(a)(1) and (2).  In support of this request, respondent
contends that petitioners advanced arguments primarily for the
purpose of delaying entry of decision.  In the exercise of our
discretion, we shall not grant respondent's request.

To reflect the foregoing,

<u>An appropriate order will be issued
granting respondent's motion for
entry of decision, and decision
will be entered  accordingly.</u>